51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gil MERCADO, Plaintiff-Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, Willie Armstead and
Lyle Pope, Defendants-Appellees.
 No. 93-56024.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1995.*
Decided March 30, 1995.
 
 1
 Before: BEEZER and NOONAN, Circuit Judges, EZRA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Gil Mercado ("Mercado") appeals from the judgment as a matter of law in favor of Defendant Lyle Pope and the jury verdict for Defendant Willie Armstead. Mercado brought this action for damages pursuant to 42 U.S.C. Sec. 1983, alleging that on November 21, 1991, Los Angeles Unified School District Police Officers Armstead and Pope ("Appellees") violated his rights by using unreasonable force against him.
 
 
 4
 Mercado appeals on three grounds. He argues that the district judge erred in excluding certain impeachment evidence. Next, he contends that the district judge made prejudicial remarks and conducted himself in such a way in front of the jury as to deny Mercado his right to a fair trial. Finally, Mercado assigns error to the district court's grant of judgment as a matter of law to Appellee Pope. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Background
 
 5
 On November 21, 1991, Mercado, an off-duty Los Angeles Police Officer, went with his daughter to a school in Huntington Park, California, to pick up his mother from an evening class. Mercado parked in a no parking zone. Armstead, a school police officer, asked Mercado to move his car, and Mercado refused. Armstead and Mercado exchanged words, and Armstead then reached into the car.
 
 
 6
 At trial, Armstead testified that he reached for Mercado's keys through the driver's window in order to turn off the car. Mercado testified that Armstead used his left hand to reach for the keys while, with his right hand, Armstead pinned him by his throat against the headrest of the car. Mercado stated that Armstead choked him for almost two minutes, until his mother entered by the passenger side door. During the time Armstead's arm was inside the car, Pope moved from the rear of the car to a position nearer the driver side door. Pope testified that he could not see exactly what was happening inside the vehicle. Mercado testified that both Armstead and Pope refused to identify themselves.
 
 
 7
 Mercado drove to a nearby house and asked the owner to call the police. Despite Mercado's requests, none of the officers who arrived at the school made any arrests or took any other action beyond facilitating an exchange of identification between the parties. Mercado went to an emergency room where he was diagnosed with a contused larynx and treated on an outpatient basis.
 
 
 8
 A jury trial commenced on May 24, 1993, and, after the judge granted judgment as a matter of law in favor of Pope, the jury reached a verdict for Armstead on May 28, 1993.
 
 II. Standards of Review
 
 9
 Rulings on the admissibility of evidence in which factual determinations predominated are reviewed for abuse of discretion and harmful error. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991). Whether the defendant was denied a fair trial because of district court conduct is reviewed for abuse of discretion. Sealy v. Easy Living, Inc., 743 F.2d 1378, 1383 (9th Cir.1984). We review the district court's granting of judgment as a matter of law de novo. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992).
 
 III. Discussion
 A. Evidentiary Rulings
 
 10
 Mercado assigns error to eight evidentiary rulings. Each of the rulings involved the district court's exclusion of impeachment evidence offered by Mercado's counsel. Having carefully reviewed the record, we find that none of the evidentiary rulings challenged by Mercado rose to the level of harmful error. In several instances, similar or identical testimony was successfully introduced, and in others the district judge correctly weighed his obligation to exclude deposition questions and answers so badly compound that they had no probative value and would confuse the jury.
 
 B. Judicial Misconduct
 
 11
 Having reviewed the record, we conclude without reservation that the district judge did not interfere with the functioning of the adversarial process so as to render the resulting judgment unfair. See Maheu v. Hughes Tool Co., 569 F.2d 459, 471-72 (9th Cir.1977); Ward v. Westland Plastics, Inc., 651 F.2d 1266, 1271 (9th Cir.1980). We note that Mercado failed to object to any of the conduct to which he now assigns error. Judicial misconduct must be particularly egregious to constitute error where counsel has failed to object. United States v. Spencer, 1 F.3d 742, 746 (9th Cir.1992). When taken separately or as a whole, the district judge's conduct came nowhere near reversible error.
 
 
 12
 At no time did the district judge comment upon the evidence or the credibility of any witness in such a manner as to prejudice Mercado's case. All comments that could be described as critical were directed at counsel, and none of these comments ever ascribed improper motives to counsel or constituted accusations of incompetence or obfuscation of the issues.
 
 
 13
 The district judge on several occasions told both counsel to "[J]ust ask the question." On a few occasions, the district judge would himself ask questions when counsel had tried several times and had failed to ask a question in a proper form. On reading the record, it is clear to us that the district judge made these statements because counsel was not asking proper questions. The district judge repeatedly told both counsel to ask short questions that did not include argument or assume facts not in evidence. He saved his most direct comments on these subjects for sidebar. Counsel repeatedly asked compound questions that included argument and assumed facts not in evidence. When the district judge did ask questions, it appears from the record that he did so because counsel's failure to ask proper questions was becoming confusing, and the district judge's questioning was brief and without commentary.
 
 
 14
 In addition, the district judge told counsel at sidebar that they were unnecessarily lengthening the case. Mercado complains that the trial only took a few days and that the district judge's impatience demonstrated bias. However, as the district judge noted, this trial involved an incident that lasted only a few minutes, followed by at most one-half hour of subsequent activity. Moreover, the district judge commented on the time counsel was taking at points where counsel was rehashing or unnecessarily complicating matters. The record and the context of the district judge's comments show that the judge certainly did not abuse his discretion or prejudice Mercado's case in this regard.
 
 
 15
 Finally, the district judge did not demonstrate bias because he made even-handed comments. For example, in the presence of the jury, the district judge addressed a warning to both parties after he had noticed Mercado smiling and laughing at the jury. We find that the district judge did not at any time act in such a way as to demonstrate bias or otherwise prejudice Mercado's case.
 
 C. Judgment as a Matter of Law
 
 16
 Because, as discussed above, Mercado received a fair trial, and the jury found for Armstead, any error as to Pope is rendered harmless here. If Armstead did not choke Mercado and violate his rights, then Pope cannot be held liable for failing to intervene. Accordingly, we do not reach the question of whether the district court erred in granting judgment as a matter of law in favor of Pope.
 
 
 17
 In granting Pope's motion, the district judge told the jury that "[t]he case of Mr. Pope is no longer before you. And we will now proceed forward with the case of Mr. Mercado against Mr. Armstead." Mercado argues that this statement prejudiced his right to a fair trial, but nowhere in this statement is there any suggestion of an opinion on the part of the district judge. Indeed, for all the jury knew, the cases may have been severed. If we were to hold that such a statement prejudices a party's right to a fair trial before an impartial jury, it would destroy the utility of judgment as a matter of law, branding it prejudicial in all cases. Further, the statement regarding the case against Pope did not contribute to the conveyance of an improper opinion by the district judge because, as discussed above, the totality of the district judge's statements and actions did not come close to any improper suggestion of an opinion or bias regarding this case.
 
 D. Fees
 
 18
 Pope and Armstead requested we award sanctions pursuant to Fed.R.App.P. 38. Because Mercado's appeal was not frivolous, we decline to do so. Mercado is not entitled to fees and costs under 42 U.S.C. Sec. 1988 because he is not the prevailing party.
 
 IV. Conclusion
 
 19
 Mercado enjoyed a fair trial, at which he did not prevail. Any error by the district court was harmless, and Mercado's claims of judicial misconduct are meritless.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3